JULIO LAABES, Plaintiff and Appellant, *v.* ISIDORE TOPP, Defendant and Appellee.

No. 9533. Argued January 13, 1948.—Decided March 19, 1948.

*Marcelino Romany* for appellant. *J. López Baralt* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Julio Laabes filed a complaint in the District Court of San Juan and alleged that he is a civil engineer; that about the month of July, 1945, his professional services were requested by the defendant in order that he should prepare for the latter some plans for a distillery located in the city of Saint Thomas, Virgin Islands; that pursuant to the request of the defendant, the plaintiff went to Saint Thomas, and while there, on the premises, made the sketches which were to serve as a basis for the preparation of the plans required by the defendant; that once the sketches were made, he prepared the plans, which had been requested from him by the defendant, in accordance with the latter's instructions; that in the preparation of those plans he spent more than twenty days and nights of work, nine in Saint Thomas and the balance in Puerto Rico; that the defendant Isidore Topp bound himself to pay to the plaintiff the reasonable value of said services, which he has failed to do, despite the various demands made upon him for such payment; and that the reasonable value of the said services is $4,500.

The defendant answered and denied the essential averments of the complaint, and on the contrary alleged that, having been acquainted with plaintiff for some time, he put the latter in touch with, and recommended him to, Virgin Islands Distillers, a partnership which does business in Saint Thomas, Virgin Islands, of which the defendant is not now, nor was at the time of the alleged request, an agent, employee, representative or partner; that it was said Virgin Islands Distillers which requested the services of the plaintiff, and that after the plaintiff prepared the sketches, Virgin Island Distillers, not being satisfied with them, gave him definite instructions to discontinue all further work on said plans; that the party which made the request and which is liable for the payment of the reasonable value of the services is Virgin Islands Distillers, to which the plaintiff sent a bill

for part of the services and from which he received partial compensation.

The question to be decided was confined to the determination of whether or not the defendant disclosed, totally or partially, the identity of his principal. The lower court, after a trial, dismissed the complaint on the merits and made the following findings:

"After weighing the evidence as a whole and the attendant circumstances in this case, we reach the unavoidable conclusion that the fact that Topp and Laabes went to the Virgin Islands Distillers in order that Laabes should perform the work; that Solomon, manager of the Virgin Islands Distillers, placed two men to co-operate with Laabes in the performance of the work; that Laabes personally attended for nine days the plant of Virgin Islands Distillers; that Virgin Island Distillers paid the expenses of the stay of Laabes at the Grand Hotel of Charlotte Amalie; that subsequently Laabes had an interview with Benjamin Bayne; that the latter ordered the work stopped and that different plans be prepared, for which Virgin Islands Distillers paid $15; that De la Torre knew that the work would be performed for Virgin Islands Distillers and that De la Torre and Laabes were old and intimate friends; that Laabes knew that Topp had never acted on his own behalf, but that on all previous occasions in which the latter had called on him to perform any work he had done so for the benefit of a third party, Compañía Ron Carioca Destilería Inc.; that Laabes sent the bill for his services in that case to the Carioca; that upon Laabes being told that work would be paid by Virgin Islands Distillers, he sent the bill to Bayne, president of said distillery; and that Topp testified that he had clearly told Laabes that the work was to be performed for Virgin Islands Distillers show in a manifest and conclusive way that the defendant in this case disclosed the identity of his principal and that from the beginning, Laabes knew that the work would be performed for Virgin Islands Distillers of Saint Thomas."

The plaintiff has appealed from that judgment and, as an only assignment, he urges that "the lower court erred in deciding that the mere fact that Topp, upon requesting the services of Laabes, had told him that the services were to be rendered for Virgin Islands Distillers, was a sufficient dis-

closure of the identity of the principal which had the legal effect of relieving the agent from any liability.'' The plaintiff and appellant maintains that the defendant, by failing to disclose who Virgin Islands Distillers was or were, became personally liable for reasons of public policy, because when an agent does not sufficiently identify his principal, he is as liable as if he had contracted in his own name; that the defendant merely told the plaintiff that ''he would perform the work for Virgin Islands Distillers'' without advising or informing him as to the identity of Virgin Islands Distillers— whether it was a partnership, a corporation, or an indiv'dual doing business under that name—so that the plaintiff might know with whom he was contracting and against whom he would bring an action in the future if his services were not paid.

Did Topp disclose the identity of his principal? In order to answer this question, we must resort to the evidence. The latter may be summarized thus: Ben Bayne, managing partner of Virgin Islands Distillers, wrote from the United States to Isidore Topp and asked him to get somebody to prepare certain plans for his distillery. Topp communicated with Antonio De la Torre, who on other occasions had performed engineering work for Compañía Ron Carioca Destilería Inc. De la Torre stated that he could not do the work, as he was very busy, and recommended Laabes for it. Both went to see Topp and in the conference it was agreed that Laabes would perform the work. The plaintiff then went, with Topp, to Saint Thomas, where Topp put him in touch with Virgin Islands Distillers, introducing him to the manager, Jerome Solomon, who gave him the instructions for the work to be performed and placed two men at his disposal to help him. Topp returned to Puerto Rico on that same day and Laabes stayed in the distillery during several days taking notes in order to make the location plans. All the expenses of the plaintiff during his stay in Saint Thomas

were paid by Virgin Islands Distillers, with his knowledge. Bayne arrived from the United States and Laabes showed him the sketches for the plans. Not being satisfied with them Bayne requested from him a plan for the location of the distilling room,. which was immediately prepared by Laabes and for which he billed Virgin Islands Distillers directly, receiving from them payment in the sum of $15. Laabes continued the work, employing two helpers, and when it was finished, he sent a bill for $4,500 to Compañía Ron Carioca Destilería Inc., through Topp, and did not receive any answer thereto. Some days afterward Laabes called on Topp, who told him that he should send the bill to B. Bayne, Charlotte Amalie, Virgin Islands, which the plaintiff did, but did not receive any answer either. Laabes went to Saint Thomas and saw Bayne personally and the latter told him that he did not need the plans any more and that he considered the amount charged excessive. Laabes again visited Topp and. upon the latter refusing to assume responsibility, the present action was brought.

The lower court, in resolving the conflict in the proofs, accorded credit to the evidence introduced by the defendant, and held that Topp had sufficiently disclosed the identity of the principal. That finding is supported by the evidence. This being so, application lies of the provisions of § 1616 of the Civil Code, 1930 ed., to the effect that:

"An agent who acts as such is not personally liable to the person with whom he contracted, unless he expressly binds himself therefor or when he exceeds the scope of the authority without giving him sufficient notice of his powers."

In the case at bar the defendant not only stated to the plaintiff that the work was for Virgin Islands Distillers, but he took him to Saint Thomas, introduced him to Solomon and subsequently to Bayne, both of them representatives of the above-mentioned distillery. Virgin Islands Distillers is willing to pay and the only reason it has failed to do so is

that it considers the charges excessive. Moreover, from the testimony of the plaintiff himself, it appears that the defendant never told him that he personally bound himself. This is shown by the following excerpt from such testimony:

"Q. Did Mr. Topp tell you that he personally would pay your fees for this work?

"A. He did not say that."

For the reasons stated we are of the opinion that the lower court did not commit the error assigned.

The judgment appealed from should be affirmed.

Mr. Justice Marrero did not participate herein.